Jodi A. McDougall, OSB No. 172703
COZEN O'CONNOR
999 Third Avenue, Suite 1900
Seattle, Washington 98104
Telephone:  (206) 340-1000
jmcdougall@cozen.com

Lisa A. Ferrari (*pro hac vice forthcoming*)
COZEN O'CONNOR
3 WTC, 175 Greenwich St. 55th Floor
New York, New York 10007
Telephone:  (212) 297-2699
lferrari@cozen.com

Madison H. McNulty (*pro hac vice forthcoming*)
COZEN O'CONNOR
1650 Market St., Suite 2800
Philadelphia, PA 19103
Telephone:  (215) 665-5562
mmcnulty@cozen.com

*Attorneys for Plaintiff Good Clean Love, Inc.*

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## EUGENE DIVISION

| | |
|---|---|
| GOOD CLEAN LOVE, INC.,<br><br>                              Plaintiff,<br><br>            v.<br><br>GOOP, INC.,<br><br>                              Defendant. | Civil Action No. _____<br><br>**COMPLAINT FOR FEDERAL AND COMMON LAW TRADEMARK INFRINGEMENT; FEDERAL FALSE ADVERTISING; FEDERAL AND COMMON LAW UNFAIR COMPETITION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Good Clean Love, Inc. ("Good Clean Love"), by and through its undersigned

attorneys, brings this Complaint against Goop, Inc. ("Goop"), for trademark infringement and

COMPLAINT - 1

unfair competition in violation of federal law and the common law of Oregon, and false advertising in violation of federal law, and alleges as follows:

## NATURE OF THE ACTION

1.     This lawsuit seeks to prevent the calamitous situation where a junior trademark user, with substantial economic power, saturates the marketplace with a trademark that threatens to overtake a smaller senior user's mark and usurp the senior user's reputation and goodwill.

2.     Goop, the junior trademark user, is a lifestyle brand founded by actress Gwyneth Paltrow.  Goop has been a cultural phenomenon -- and flashpoint -- since its founding.  The brand, started in 2008 as a "homespun weekly newsletter" from Paltrow's kitchen, now promotes and sells luxury products in every niche of consumer goods – skin, body and hair care; fragrance; fashion; vitamins and supplements; and food and home.[1]  Prior to the acts complained of herein, Goop already had a well-established presence -- and notoriety -- in the sexual wellness space, where Goop has sold products under the GOOP trademark for years.

3.     Goop's goods are just one facet of the Goop conglomerate.  Goop and its founder host podcasts and health summits; offer advice from doctors and others on wellness and other topics; produce reality television shows on sex and other topics for Netflix; promote travel recommendations; and offer a recipe portal, among other projects.  According to one article, "There is no life experience Gwyneth Paltrow cannot Goopify: lighting a candle, famously, but also masturbating, owning a pet, changing your baby's diaper, being sued in a court of law, even poop."[2]  With the massive public interest in, and focus on, Goop's celebrity founder and brand, Goop is known to consumers worldwide, whether or not a Goop product has ever been purchased

---

[1] *See* https://goop.com/whats-goop/ (last accessed March 22, 2024).
[2] *See* https://www.thecut.com/2023/08/gwyneth-paltrow-goop-airbnb.html (last accessed March 22, 2024).

or a Goop podcast ever listened to.  According to media reports, Goop, a private company, has been valued at $250 million.[3]

4.      Good Clean Love, the senior trademark user, was founded and is headquartered in Oregon.  For more than two decades, Good Clean Love has offered women and others sexual health and hygiene products under its GOOD CLEAN LOVE trademark.  Good Clean Love has partnered with leading scientists and gynecologists to develop a revolutionary line of intimate hygiene and vaginal wellness products and, in doing so, has established a reputation as a source of safe and organic sexual health and wellness products for women and others.  Good Clean Love's products are devoid of the harmful ingredients found in so many products in this space.

5.      In or about August 2023, Goop applied to register the trademark GOOD. CLEAN. GOOP for cosmetics, dietary and nutritional supplements, online retail stores services, and providing a website featuring information about beauty, health, wellness and nutrition.  In or about November 2023, Goop began selling GOOD. CLEAN. GOOP skin care, body, and scalp products, as well as supplements, in Target and on Amazon, where Good Clean Love offers its products.[4] Introduced as a more affordable product line than Goop's usual luxury product offerings, the GOOD. CLEAN. GOOP product line immediately garnered attention in the national media, including in publications such as New York Magazine, Page Six, Real Simple, and People Magazine, to name just a few.[5]

---

[3] *See* https://www.nytimes.com/2018/07/25/magazine/big-business-gwyneth-paltrow-wellness.html and https://www.cosmopolitan.com/entertainment/celebs/a40967047/gwyneth-paltrow-net-worth/ (both last accessed March 22, 2024).
[4] See https://www.target.com/b/good-clean-goop/-/N-q643leuypb7 and https://www.amazon.com/stores/page/9E6DD884-C4CC-4787-B099-BD46D3B4E3B9 (both last accessed March 22, 2024).
[5] *See* https://nymag.com/strategist/article/gwyneth-paltrow-good-clean-goop-review.html, https://pagesix.com/2023/10/23/style/gwyneth-paltrow-launches-lower-priced-good-clean-goop-line-at-target-and-amazon/, https://www.realsimple.com/goodcleangoop-target-launch-8383876

6.      Good Clean Love recently learned that Goop is now using the GOOD. CLEAN. GOOP mark in connection with sexual health products, the core of Good Clean Love's business. Goop is offering for sale, under the GOOD. CLEAN. GOOP mark, "The Pleasure Seeker Daily Chews," which are promoted by Goop as "a daily supplement to help shift your body and mood toward intimate pleasure," an "Aphrodisiac With a Twist," and a product that provides "support for our libido."[6]

7.      Good Clean Love cannot compete with Goop's market saturation.  The confusion and reverse confusion created by Goop's use of GOOD. CLEAN. GOOP threaten to foreclose Good Clean Love from expanding into product lines related to its sexual health and wellness products.  Good Clean Love's hard-earned goodwill is at risk of falling into the hands of Goop, the junior user.

8.      The situation is intolerable, especially given that Goop has been criticized for marketing products and treatments that are based on pseudoscience, are harmful, and do not work; has been sued by the State of California and named in numerous class action lawsuits for making unfounded health claims about its products; and has sold new-age and questionable products in the sexual wellness space.[7]  These associations are particularly harmful to Good Clean Love, which

---

and https://people.com/gwyneth-paltrow-good-clean-goop-amazon-target-8369161 (all last accessed March 22, 2024).

[6] *See* https://goodcleangoop.com/product/the-pleasure-seeker-daily-chews/ (last accessed March 22, 2024).

[7] *See* https://uk.style.yahoo.com/lifestyle/doctors-want-gwyneth-paltrow-to-stop-encouraging-women-to-steam-their-vaginas-115133635.html?guccounter=1&guce_referrer=aHR0cHM6Ly93d3cuZ29vZ2xlLmNvbS8&guce_referrer_sig=AQAAANG5i-OKGxHSGj1O-mewA58F0FCAtYLD2QhtCKKLYiCZ-R3dTchaIPuCO9P0KQ-dqKB0QU-ApF7eI8rD2u1ygc25Xa9WllAJ6PpsgfKnU8-wqFRBHfFq26CWMC4VWifFC0R3gOyQ_J_s4dtd0aWneKYND5wEGuUCwj2-mV64o7hu, https://www.livescience.com/49648-vaginal-steaming-no-benefits.html, https://www.vox.com/science-and-health/2017/7/19/15988180/gwyneth-paltrow-goop-jade-egg-debunkers, https://www.nbcnews.com/think/opinion/netflix-s-new-partnership-gwyneth-paltrow-

COMPLAINT - 4

has built its reputation and brand on safe, organic, scientific, and exhaustively-researched sexual wellness products.

9.     Without prompt assistance from this Court, Goop's adoption of the mark GOOD. CLEAN. GOOP threatens to overwhelm the GOOD CLEAN LOVE trademark and undermine Good Clean Love's two decades of investment in its goodwill and reputation.  Good Clean Love has no choice but to protect its rights in its GOOD CLEAN LOVE trademark.

10.     Good Clean Love brings this action for trademark infringement under Section 32(a) of the Lanham Act, 15 U.S.C. § 1114(a); false advertising and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and substantial and related claims of trademark infringement and unfair competition under the common law of the State of Oregon, all arising from Goop's unauthorized use or imminent use of GOOD. CLEAN. GOOP on and in connection with cosmetics, haircare, skin and body care, dietary and nutritional supplements, sexual health and wellness products; and retail and website services to promote all of the foregoing goods.

11.     Good Clean Love seeks injunctive and monetary relief.

## PARTIES

12.     Plaintiff Good Clean Love is an Oregon corporation with a place of business at 207 W. 5th Avenue, Eugene, Oregon 97401.

13.     Defendant Goop is a Delaware corporation with a place of business at 3019 Wilshire Blvd., Suite 206, Santa Monica, California 90403.

---

s-goop-brand-win-ncna969746, https://www.vox.com/2018/9/6/17826924/goop-yoni-egg-gwyneth-paltrow-settlement, and https://www.theguardian.com/film/2021/may/19/gwyneth-paltrows-goop-sued-vagina-scented-candle (all last accessed March 27, 2024).

## JURISDICTION AND VENUE

14.    This action arises under the Acts of Congress under the Lanham Act, Title 15 U.S.C. § 1051, *et seq.*, and the common law of the State of Oregon.  As such, this Court has subject matter jurisdiction under the provisions of Title 28 U.S.C. §§ 1331 and 1338.

15.    This Court has original jurisdiction over the claims brought under federal law pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1121.

16.    This Court has supplemental jurisdiction over the claims brought under the common law pursuant to 28 U.S.C. § 1338(b) and § 1367(a).

17.    This Court may exercise personal jurisdiction over Goop as Goop has purposefully directed and expressly aimed their tortious activities to the State of Oregon and established sufficient minimum contacts with Oregon by, among other things, advertising and selling products bearing the infringing mark throughout the United States, including to consumers in Oregon, through a highly interactive website that is accessible to the entire United States, through e-commerce websites such as Target.com and retail stores such as Target, and through the regular course of business, with knowledge that Good Clean Love is based in Oregon and would suffer damages in Oregon as a result of Goop's actions.  Good Clean Love's claims arise out of, in part, Goop's advertising of products bearing the infringing mark to Oregon residents.  As such, Goop should reasonably expect that its activities might have consequences herein.

18.    Venue is proper in this judicial District pursuant to 28 U.S.C. § 1391(b) and (c).

## GOOD CLEAN LOVE'S
## BUSINESS AND INTELLECTUAL PROPERTY

19.    Good Clean Love, founded in 2003, is a well-known provider of female sexual health and hygiene products.  Good Clean Love sells a variety of gynecologist-recommended

feminine care products including washes, wipes, vaginal suppositories, cleansing kits, and moisturizers.

20.     Good Clean Love has spent over 20 years building its brand to become a leading provider of female sexual health and hygiene products in the United States and beyond.

21.     Good Clean Love began in 2003, when its founder, Wendy Strgar, after delivering and nursing four children, sought to save her sex life, and experienced severe reactions to conventional personal lubricants recommended by her doctor.  Strgar began experimenting with oils found in her kitchen, and a dream of changing the intimacy product shelf to healthy, organic products was born.  Since then, Good Clean Love has partnered with leading scientists and gynecologists to develop all-natural vaginal wellness and premium intimacy products, developing a full line of such products formulated without petrochemicals, parabens and other harmful ingredients.

22.     Good Clean Love uses patented Bio-Match™ technology, designed by leading scientists, to develop the most scientifically-advanced personal care and intimacy products.[8]

23.     Good Clean Love is a Certified B Corporation, a member of the Change for Women collective, the first company in its category to use green plastics made of recyclable sugar cane, and the first company to persuade the U.S. Food and Drug Administration to approve a personal lubricant without three of the four required animal tests.[9]

---

[8] *See* https://goodcleanlove.com/collections/wash-and-wipes (last accessed March 22, 2024)
[9] *See* https://goodcleanlove.com/pages/label-certifications#:~:text=Good%20Clean%20Love%20is%20a,the%204%20required%20animal%20tests and https://goodcleanlove.com/blogs/making-love-sustainable/why-we-joined-the-change-for-women-collective (both last accessed March 27, 2024)

24.     Media coverage of Good Clean Love has appeared in national media publications such as Cosmopolitan, Business Insider, Women's Health, Allure, Marie Claire, Prevention, Liberty Road, and others.[10]

25.     Additionally, Good Clean Love and its founder, Wendy Strgar, have received numerous awards and accolades, including being ranked in the top healthcare technology companies and for the most impactful CEOs.[11]

26.     In 2019, Good Clean Love launched the Sexual Health and Wellness Institute (SHWI), a non-profit organization to provide a platform for education on sexual and vaginal health for health care providers who want and need truth in advertising on patient safety to disseminate the information to their patients.[12]

**Good Clean Love's Trademarks**

27.     Good Clean Love has adopted and used the trademark GOOD CLEAN LOVE®, in multiple stylings, to promote its goods to its customers, including the word mark GOOD CLEAN

---

[10] *See* https://www.cosmopolitan.com/sex-love/g40290984/best-feminine-washes/, https://www.businessinsider.com/how-to-keep-the-romance-alive-relationship-advice-2017-5, https://www.womenshealthmag.com/sex-and-love/g27114626/best-water-based-lube/?utm_source=google&utm_medium=cpc&utm_campaign=arb_ga_whm_d_bm_comm_org_us_g27114626&gad_source=1&gclid=CjwKCAjwh4-wBhB3EiwAeJsppCgmbBdk2ZXTUUd6V1C3Jc0xPze_AkbY6PoPIEJILnDGOZ3RF2ZcmhoCC_0QAvD_BwE, https://www.allure.com/gallery/best-water-based-lube, https://www.marieclaire.com/sex-love/g22550510/best-vegan-lube-personal-lubricants/, https://www.prevention.com/health/g43469464/best-feminine-washes/, and https://www.libertyforher.com/wellbeing/wendy-strgar-on-sexual-wellness (all last accessed March 27, 2024).
[11] *See* https://thehealthcaretechnologyreport.com/the-top-100-healthcare-technology-companies-of-2021/, https://thehealthcaretechnologyreport.com/the-top-25-consumer-healthtech-executives-of-2020/, https://real-leaders.com/impact-awards-2022/, and https://mo-summit.com/mo100-list/#no76 (all last accessed March 27, 2024).
[12] *See* https://shwi.org/ (last accessed March 22, 2024).



LOVE® and stylized marks ® and  ® (collectively, the "GOOD CLEAN LOVE® Marks").  In furtherance of this use, Good Clean Love owns numerous U.S. federal trademark registrations for use in connection with female sexual health and hygiene products.

28.    On December 29, 2009, Good Clean Love filed an application for registration of the word mark GOOD CLEAN LOVE® in the United States Patent and Trademark Office (USPTO) on the Principal Register under the Lanham Act, 15 U.S.C. § 1051 et seq.  This application was assigned Serial No. 77902332, and covers the use of this mark in connection with "essential oils; oil-based gels for massage; and body butters" in International Class 3 and "oil-based gels for use as personal lubricants, personal lubricants" in International Class 5.  The date of first use of the GOOD CLEAN LOVE® Mark is at least as early as May 31, 2010.  This application was allowed by the USPTO and issued as Registration No. 4032215 on September 27, 2011.  This registration has acquired incontestable status with the approval of its Section 15 Declaration.  This registration is active and valid.  True and correct copies of this registration, and a printout from the USPTO TESS database showing the current status of this registration, are attached as Exhibit A.

29.    On January 15, 2010, Good Clean Love filed an application for registration of the



stylized mark GOOD CLEAN LOVE ® in the USPTO on the Principal Register under the Lanham Act, 15 U.S.C. § 1051 et seq.  This application was assigned Serial No. 77912792, and covers the use of this mark in connection with "Essential oils; oil-based gels for massage; and body butters" in International Class 3 and "Oil-based gels for use as personal lubricants, personal



lubricants" in International Class 5.  The date of first use of the          ® Mark is at least as

early as May 31, 2010.  This application was allowed by the USPTO and issued as Registration

No. 4132301 on April 24, 2012.  This  registration has acquired incontestable status with the

approval of its Section 15 Declaration.  This registration is active and valid.  True and correct

copies of this registration, and a printout from the USPTO TESS database showing the current

status of this registration, are attached as Exhibit B.

   30.  On August 26, 2021, Good Clean Love filed an application for registration of the

stylized mark GOOD CLEAN LOVE  ® in the USPTO on the Principal Register under

the Lanham Act, 15 U.S.C. § 1051 et seq.  This application was assigned Serial No. 90904461,

and covers the use of this mark in connection with "Vaginal washes for personal sanitary or

deodorant purposes; feminine deodorant suppositories; essential oils; massage gels other than for

medical purposes, namely, oil-based gels for massage; massage candles for cosmetic purposes" in

International Class 3 and "Gels for use as personal lubricant; vaginal cream in the nature of

medicated skin care preparations; personal lubricants; probiotic supplements; sanitizing wipes;

vaginal moisturizers; medicated skin care preparations, namely, gels for use for women's vaginal

health" in International Class 5.  The date of first use of the  ® Mark is at least as early

as August 1, 2020.  This application was allowed by the USPTO and issued as Registration

No. 7015404 on April 4, 2023.  This registration is active and valid.  True and correct copies of

this registration, and a printout from the USPTO TESS database showing the current status of this

registration, are attached as Exhibit C.

COMPLAINT - 10

31.    Representative examples of Good Clean Love's products as they appear in commerce are as follows:



32.    The GOOD CLEAN LOVE® Marks are strong and inherently distinctive. Since 2010, the GOOD CLEAN LOVE® Marks have developed invaluable goodwill and a strong reputation within the female health and hygiene industry as a designator of source of Good Clean Love's goods.

33.    Good Clean Love's GOOD CLEAN LOVE® Marks have become well-known throughout the female health and hygiene industry. Through its widespread, continuous, and substantially exclusive use of the GOOD CLEAN LOVE® Marks to identify Good Clean Love's goods and Good Clean Love as their source, Good Clean Love owns valid and subsisting federal statutory and common law rights in the GOOD CLEAN LOVE® Marks.

34.    Good Clean Love has expended significant time, money, and resources marketing, advertising, and promoting its goods under the GOOD CLEAN LOVE® Marks.

35.    Since in or about 2010, Good Clean Love has promoted and sold its goods under the GOOD CLEAN LOVE® Marks online via its own website (www.goodcleanlove.com) and on the websites of third-party e-commerce sites such as Amazon.com, Walmart.com, and Target.com,

as well as in retail stores such as Target and Walgreens.  Good Clean Love also promotes its goods in major publications such as Cosmopolitan, Rolling Stone, and Teen Vogue, among others.

36.    The market success of the goods offered under the GOOD CLEAN LOVE® Marks has been extraordinary, and the relevant public has come to rely upon and recognize Good Clean Love's goods by the GOOD CLEAN LOVE® Marks.

37.    Good Clean Love engages in significant efforts to enforce its intellectual property rights and to defend its GOOD CLEAN LOVE® Marks against infringers and potential infringers.

38.    GOOD CLEAN LOVE has repeatedly notified Goop of the GOOD CLEAN LOVE® Marks and requested that Goop cease use of its GOOD. CLEAN. GOOP Designation (defined below) and/or any additional designations that are confusingly similar to the GOOD CLEAN LOVE® Marks.

## **GOOP'S UNLAWFUL CONDUCT**

39.    Goop is a lifestyle brand that was launched by famous actress Gwyneth Paltrow in or about 2008.

40.    Goop dedicates a significant portion of its marketing and promotional efforts to skin and body care and hygiene products, as well as sexual health and wellness products.  Indeed, Goop currently markets and sells sexual health related products under its GOOP mark, including but not limited to dietary supplements for women's sexual arousal and a lubricant for use during sex:[13]

---

[13] *See* https://goop.com/wellness/sexual-health/sex-toys-goop/ and https://goop.com/goop-wellness-sex-oil/60-ml/p/?taxon_id=4368 (both last accessed March 22, 2024).

COMPLAINT - 12



41.     Goop's   website   contains   numerous   articles,   interviews,   and   product recommendations related to sexual health and wellness.[14]

42.     In or about 2021, Goop launched a reality television series on Netflix titled "Sex Love and Goop," in which "courageous couples journey toward more pleasurable sex and deeper intimacy with help from Gwyneth Paltrow and a team of experts. . . ."[15]

43.     Nonetheless, Goop's product offerings, particularly in the sexual health category, have mocked the notion of sexual health, been criticized by medical experts, and, in some cases, resulted in legal action against the company.  Goop has offered for sale a candle called "This Smells Like My Vagina," and a $15,000 vibrator crafted from 24-karat gold.[16]  In 2008, Goop agreed to pay $145,000 in civil penalties imposed by the State of California for products which included egg-shaped stones intended to be inserted in the vagina to increase sexual energy; the company had to cease "unsubstantiated" claims that the vaginal jade eggs balanced hormones and

---

[14] *See* https://goop.com/wellness/sexual-health/ (last accessed March 22, 2024).
[15] *See* https://www.netflix.com/title/81459349 (last accessed March 22, 2024).
[16] *See* https://www.asiaone.com/entertainment/gwyneth-paltrow-selling-vagina-scented-candle-her-goop-store (last accessed March 22, 2024).

regulated menstrual cycles.[17] Goop has also claimed that sitting on a "mini-throne" of steam would cleanse the uterus, a practice that experts said could cause a pH imbalance and potentially even cause burning.[18]

## GOOP'S TRADEMARK APPLICATIONS

44.     On August 7, 2023, over ten years after Good Clean Love's first use of the GOOD CLEAN LOVE® Marks and subsequent registration of those Marks, Goop filed an application on an intent-to-use basis to register the mark GOOD. CLEAN. GOOP (the "GOOD. CLEAN. GOOP Designation") for "Cosmetics" in International Class 3, "Dietary and nutritional supplements" in International Class 5, "On-line retail store services featuring cosmetics and dietary and nutritional supplements" in International Class 35, and "Providing a website featuring information about beauty, health, wellness and nutrition" in International Class 44, which was assigned Serial No. 98120170 (the "GOOD. CLEAN. GOOP Application").

45.     On or about February 6, 2024, Goop filed a priority application for an International Registration of the mark through the World Intellectual Property Organization (WIPO), designating Canada, China, the European Union, United Kingdom, and Ireland, and claiming priority from the U.S. application.

46.     The GOOD. CLEAN. GOOP Designation is confusingly similar in sound, appearance, and overall commercial impression to Good Clean Love's GOOD CLEAN LOVE®

---

[17] *See* https://www.vox.com/2018/9/6/17826924/goop-yoni-egg-gwyneth-paltrow-settlement (last accessed March 22, 2024).
[18] *See* https://uk.style.yahoo.com/lifestyle/doctors-want-gwyneth-paltrow-to-stop-encouraging-women-to-steam-their-vaginas-115133635.html?guccounter=1&guce_referrer=aHR0cHM6Ly93d3cuZ29vZ2xlLmNvbS8&guce_referrer_sig=AQAAANG5i-OKGxHSGj1O-mewA58F0FCAtYLD2QhtCKKLYiCZ-R3dTchaIPuCO9P0KQ-dqKB0Qu-ApF7eI8rD2u1ygc25Xa9WllAJ6PpsgfKnU8-wqFRBHfFq26CWMC4VWifFC0R3gOyQ_J_s4dtd0aWneKYND5wEGuUCwj2-mV64o7hu and https://www.livescience.com/49648-vaginal-steaming-no-benefits.html (last accessed March 22, 2024).

Marks.  It incorporates substantial portions of the GOOD CLEAN LOVE® Marks.  The marks both begin with two identical, dominant terms.  Moreover, both GOOD. CLEAN. GOOP and GOOD CLEAN LOVE contain three relatively short and simple words.  The use of the GOOP house mark does not negate the similarity between the marks, but aggravates it, because use of GOOP may create reverse confusion by leading consumers to believe that Goop, not Good Clean Love, is the source of Good Clean Love's products.

47.    After the GOOD. CLEAN. GOOP Application was filed, Good Clean Love became aware of Goop's intent to use the confusingly similar GOOD. CLEAN. GOOP Designation in connection with highly similar goods.  On October 17, 2023, Good Clean Love sent a cease and desist letter to Goop, demanding that Goop abandon the GOOD. CLEAN. GOOP Application and Designation.

48.    However, the very next day on October 18, 2023, Goop began to flood the market with announcements of its GOOD. CLEAN. GOOP branded products.[19]

49.    Based on the Application and subsequent use of the GOOD. CLEAN. GOOP Designation, Goop offers and intends to offer personal hygienic and dermatological goods, as well as sexual health and wellness goods, under the GOOD. CLEAN. GOOP Designation, including but not limited to skin care, body care, and sexual wellness products.  These goods are highly similar to the female sexual health and hygiene goods currently offered by Good Clean Love under its GOOD CLEAN LOVE® Marks.

50.    Goop not only began use of the infringing GOOD. CLEAN. GOOP Designation, but it also employs similar color schemes, designs and terms on its products as Good Clean Love

---

[19] *See* https://goop.com/beauty/skin/introducing-good-clean-goop/ (last accessed March 22, 2024).

does.  For instance, Goop uses terms such as "naked" in connection with its products.[20]  Good Clean Love owns a registration for ALMOST NAKED, and such marketing further exacerbates the similarities between the commercial impression of the marks.

51.    Examples of products and advertising bearing the infringing Goop Mark are as follows:



52.    Goop markets and sells a sexual wellness related product under its GOOD. CLEAN. GOOP Designation.  This product – displayed above – is called "The Pleasure Seeker Daily Chews", and is described as "a daily chew to help shift your body and mood toward intimate pleasure".[21]  Goop promotes the product as an "Aphrodisiac with a Twist' and states that it provides "support for our libido." *Id*.

53.    Therefore, Goop is already marketing and selling sexual wellness products under the GOOD. CLEAN. GOOP Designation.  This use is highly similar to the female sexual health and hygiene products sold under Good Clean Love's GOOD CLEAN LOVE® Marks.

---

[20] *See* https://goodcleangoop.com/product/the-naked-elixir-body-oil/ (last accessed March 22, 2024).
[21] *See* https://goodcleangoop.com/product/the-pleasure-seeker-daily-chews/ (last accessed March 22, 2024).

54.    Moreover, Goop's use of the GOOD. CLEAN. GOOP Designation in the sexual health and wellness space is only likely to grow, as Goop already offers products for women's sexual arousal under its GOOP mark, as detailed above.

55.    Additionally, Good Clean Love and Goop market and sell their products to similar consumers in the same channels of trade.   This further enhances the likelihood of consumer confusion.

56.    Goop has launched its lower-priced products on Amazon, a significant online channel for Good Clean Love, and in Target, Good Clean Love's largest retail outlet.  On Amazon and Target, these products directly collide, as a search for "good clean" prompts top results for "Good Clean Love" and "Good Clean Goop":



Amazon Search Bar



Target Search Bar

57.     In addition, both companies utilize digital media and marketing to advertise to consumers seeking clean skincare and wellness products.

58.     Further increasing the likelihood consumer confusion, it is apparent Goop intends to evoke a similar meaning and commercial impression as the GOOD CLEAN LOVE® Marks that the products sold under the GOOD. CLEAN. GOOP Designation do not contain harmful ingredients and are beneficial for the consumer, and that such products are intended for a wide demographic of customers.  Goop's advertising and launch of the GOOD. CLEAN. GOOP line of products explicitly states that they are meant to be an affordable and widely accessible clean beauty line.[22]

59.     Goop has also positioned its Good Clean Goop product line as a more affordable brand than Goop's usual product offerings, thus further creating a likelihood of confusion with Good Clean Love's products.[23]

_____

[22] *See* https://people.com/gwyneth-paltrow-launching-accessible-beauty-line-good-clean-goop-at-target-and-amazon-exclusive-interview-8362119# ("We originally started with the goop beauty line, and over time, we just felt more and more passionate about creating clean, efficacious products at a more accessible price and for a broader audience") (last accessed March 22, 2024).
[23] *See* https://nymag.com/strategist/article/gwyneth-paltrow-good-clean-goop-review.html (last accessed March 22, 2024).

COMPLAINT - 18

60.    Goop has long been on notice of Good Clean Love's priority use of the GOOD CLEAN LOVE® Marks.  Prior to entering the market for its GOOD. CLEAN. GOOP line of products, Goop had not only received Good Clean Love's October 17, 2023 cease and desist letter, but also had previously received and evaluated Good Clean Love's products themselves.

61.    In or around April 2021, representatives from Good Clean Love and Goop engaged in discussions regarding Good Clean Love's lubricant product and its potential sale via Goop's online marketplace.

62.    Emma Brophy, an editor at Goop, stated that Good Clean Love's "product looks great" and requested the full ingredients list for Good Clean Love's Almost Naked Lubricant product.

63.    Goop requested that samples be sent to Jean Godfrey-June, Goop's then-Beauty Editor (now Executive Beauty Director), at her New York address, which Good Clean Love provided.

64.    Despite its knowledge of Good Clean Love's products and priority rights in the GOOD CLEAN LOVE® Marks, Goop nonetheless launched its products incorporating portions of Good Clean Love's branding, the GOOD CLEAN LOVE® Marks, and significant elements of Good Clean Love's trade dress.

65.    Goop's use of the GOOD. CLEAN. GOOP Designation is particularly harmful to Good Clean Love given Goop's extensive reach and celebrity associations, which threaten to overwhelm Good Clean Love's use of GOOD CLEAN LOVE®.

66.    Indeed, although Goop has only recently launched its GOOD. CLEAN. GOOP product line, Good Clean Love has already experienced damage to its established reputation, recognition, and goodwill.  Good Clean Love received several social media messages and inquiries

from consumers concerned about the similarities between the GOOD CLEAN LOVE® Marks and the newly launched GOOD. CLEAN. GOOP Designation.

67.     In addition to causing a likelihood of confusion in the marketplace, Goop is further harming Good Clean Love and potential consumers due to its false and misleading "clean" label claims in violation of 15 U.S.C. § 1125(a).  Indeed, Goop's website repeatedly states that its products are "clean" and "made without ingredients shown or suspected to harm our health.":[24]



68.     Despite these public claims, multiple Goop products sold under the GOOD. CLEAN. GOOP Designation contain harsh surfactants and chemicals which are known allergens and are listed on the European Union fragrance allergen annex.  Goop itself admits that "trace levels of incidental chemicals may occur as a result of manufacturing and supply chain complexities."[25]

---

[24] *See* https://goop.com/clean-beauty-shop/c/, https://goop.com/clean-skin-care/c/ and https://goop.com/clean-hair-care/c/ (all last accessed March 22, 2024).
[25] *See* https://goodcleangoop.com/about/ (last accessed March 22, 2024).

COMPLAINT - 20

69.     Conversely, Good Clean Love has worked with leading scientists and doctors to develop products without harmful chemicals, parabens, and synthetic fragrances.  Good Clean Love further holds itself to the highest verified standards of social and environmental performance, transparency, and accountability.

70.     As a result, consumers have come to know and trust that the GOOD CLEAN LOVE® Marks signify that a product is truly clean.

71.     Accordingly, by using the confusingly similar GOOD. CLEAN. GOOP Designation and misleading consumers to believe the products are associated with Good Clean Love, Goop is causing consumers to believe its products bearing that Designation are clean when, in fact, they contain harmful substances.  This harms consumers as well as Good Clean Love's reputation and goodwill.

72.     Conversely, this misleading association with Goop products may mislead consumers into mistakenly believing that the products offered under the GOOD CLEAN LOVE® Marks also contain harmful substances.  This also harms consumers as well as Good Clean Love's reputation and goodwill.

73.     Overall, Goop's use of the GOOD. CLEAN. GOOP Designation that is confusingly similar to the GOOD CLEAN LOVE® Marks will mislead consumers into believing that the Goop and/or the GOOD. CLEAN. GOOP Designation are affiliated with Good Clean Love or its products, or that Goop is approved, sponsored, or supplied by Good Clean Love, or vice versa.

74.     In light of Good Clean Love's use of GOOD CLEAN LOVE® dating back to at least as early as 2010, and its numerous federal registrations, Good Clean Love's GOOD CLEAN LOVE® Marks have clear priority over Goop's GOOD. CLEAN. GOOP Designation which, upon information and belief, has only been used since in or about late 2023.

COMPLAINT - 21

75.     As noted, Good Clean Love, through its counsel, communicated with Goop regarding the GOOD. CLEAN. GOOP Designation.  During these communications, Good Clean Love clearly put Goop on notice of Good Clean Love's longstanding rights in its GOOD CLEAN LOVE® Marks and requested the withdrawal and cessation of use of the GOOD. CLEAN. GOOP Application and Designation on the basis that it is likely to be confused with Good Clean Love's GOOD CLEAN LOVE® Marks when used in connection with highly similar products.

76.     By refusing to withdraw its trademark application, and by commencing, continuing, and expanding its use of the GOOD. CLEAN. GOOP Designation, Goop has adopted and is using a highly similar variation of Good Clean Love's GOOD CLEAN LOVE® Marks with the intent to trade off the enormous goodwill that Good Clean Love has earned in its Marks and to deceive and confuse the public into believing that the goods marketed under the GOOD. CLEAN. GOOP Designation are sponsored by, authorized by, associated with and/or originate from Good Clean Love, when they do not and are not.

77.     Conversely, due to Goop's extensive market reach and celebrity associations, consumers may be misled into believing that the goods marketed under the GOOD CLEAN LOVE® Marks originate from Goop, and that Good Clean Love is actually an unauthorized infringer, which is untrue.

78.     Despite receiving actual notice of Good Clean Love's long-standing intellectual property rights in the GOOD CLEAN LOVE® Marks, to date, Goop has failed to discontinue use of the GOOD. CLEAN. GOOP Designation as requested by Good Clean Love.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT
Lanham Act § 32, 15 U.S.C. § 1114

79.     Good Clean Love repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

80.    Good Clean Love has used its GOOD CLEAN LOVE® Marks since at least as early as 2010 in connection with its female sexual health and hygiene goods.

81.    Good Clean Love's GOOD CLEAN LOVE® Marks are federally registered and, as such, the corresponding registrations are evidence of Good Clean Love's exclusive right to use the GOOD CLEAN LOVE® Marks in connection with its female sexual health and hygiene goods. 15 U.S.C. § 1115.

82.    Further, several of the GOOD CLEAN LOVE® Marks, including the word mark, have acquired incontestable status.  Thus, the registrations for the GOOD CLEAN LOVE® Marks are conclusive evidence of the validity of the registered marks, of Good Clean Love's ownership of the marks, and of Good Clean Love's exclusive right to use the registered marks in commerce in connection with the goods specified in the affidavits filed under the provisions of §1065 or the renewal applications filed under the provisions of § 1059. 15 U.S.C. §1115.

83.    The GOOD CLEAN LOVE® Marks are inherently distinctive to both the consuming public and within the health and hygiene industry for Good Clean Love's female sexual health and hygiene goods.

84.    Good Clean Love's well-known GOOD CLEAN LOVE® Marks and Goop's GOOD. CLEAN. GOOP Designation are similar with respect to sound, appearance, and meaning, and they create the same overall commercial impression.  The GOOD. CLEAN. GOOP Designation incorporates substantial portions of the GOOD CLEAN LOVE® Marks.  Specifically, the GOOD. CLEAN. GOOP Designation wholly encompasses the first two dominant words of the GOOD CLEAN LOVE® Marks.  Moreover, both GOOD. CLEAN. GOOP and GOOD CLEAN LOVE both contain three relatively short and simple words.

85.    Those goods provided or intended to be provided under the GOOD. CLEAN. GOOP Designation are highly similar to Good Clean Love's female sexual health and hygiene-related goods, as the GOOD. CLEAN. GOOP Application broadly identifies "Cosmetics", "Dietary and nutritional supplements", and services related to "…beauty, health, wellness and nutrition."  Further, Goop is already selling female beauty and hygiene products and sexual wellness products under the GOOD. CLEAN. GOOP Designation.

86.    Good Clean Love and Goop market and sell their products to similar consumers in the same channels of trade, further enhancing the likelihood of consumer confusion.

87.    Good Clean Love has not given consent to Goop to use the GOOD. CLEAN. GOOP Designation or any other confusingly similar mark to the GOOD CLEAN LOVE® Marks.

88.    Goop's use of the GOOD. CLEAN. GOOP Designation for such similar goods has led and will likely lead to further confusion, mistake, or deception of the public within the meaning of Section 2(d) of the Trademark Act, 15 U.S.C. § 1052(d), and will otherwise cause injury and damage to Good Clean Love's GOOD CLEAN LOVE® Marks, as well as its goodwill and reputation.

89.    Goop has infringed Good Clean Love's trademark rights in interstate commerce by various acts, including using the GOOD. CLEAN. GOOP Designation in association with highly similar female hygiene and sexual wellness products.  This unauthorized use by Goop constitutes infringement of Good Clean Love's existing GOOD CLEAN LOVE® Marks in violation of the Lanham Act, 15 U.S. C. § 1051 et seq., to the substantial and irreparable injury of the public and of Good Clean Love's GOOD CLEAN LOVE® Marks, business reputation, and goodwill.

90.    Goop's actions are likely to create the false and misleading impression that Goop and the products marketed under its GOOD. CLEAN. GOOP Designation are sanctioned, assigned, or authorized by Plaintiff when they are in fact not.

91.    Conversely, Goop's actions are likely to lead consumers to conclude, incorrectly, that Good Clean Love's GOOD CLEAN LOVE® Marks originate from Goop, which will damage the public, Good Clean Love, and the GOOD CLEAN LOVE® Marks.  In addition, Goop's unauthorized use of the GOOD. CLEAN. GOOP Designation has the potential to lead consumers to believe that Good Clean Love is an unauthorized infringer, which is in fact untrue and misleading.  As such, Goop's unauthorized use of the GOOD. CLEAN. GOOP Designation in interstate commerce as described above constitutes trademark infringement.

92.    Goop's conduct, if not enjoined, will cause irreparable damage to the rights of Good Clean Love in its GOOD CLEAN LOVE® Marks and in its business, reputation, and goodwill. Good Clean Love's damages from the aforesaid unlawful actions by Goop, to the extent ascertainable, have not yet been determined.

93.    By the forgoing actions, Goop has engaged in willful trademark infringement in violation of 15 U.S.C. § 1117.

94.    Good Clean Love seeks attorney's fees and costs given the willful conduct of Goop.

95.    Good Clean Love seeks treble damages given the willful conduct of Goop.

### COUNT II
### FEDERAL FALSE ADVERTISING
Lanham Act § 43(a), 15 U.S.C. § 1125(a)

96.    Good Clean Love repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

97.     Goop's advertisements, website, and marketing materials, which state that the products sold under its GOOD. CLEAN. GOOP Designation are "clean", are material false statements that misrepresent the nature, characteristics, and qualities of these products. These statements are material misrepresentations upon which the public, marketplace, customers or potential customers have relied, and will continue to rely

98.     Goop's business practice of falsely advertising, labelling, and describing its products as "clean" in interstate commerce constitutes false advertising.

99.     As a result of Goop's false and misleading advertisements, descriptions, and representations, actual deception has occurred which tends to deceive a substantial portion of the intended consumers.

100.    Goop's false and misleading advertisements, descriptions, and representations are material and are likely to influence consumer purchasing decisions.

101.    Consumers in the market for truly clean products free from harmful chemicals, parabens, and synthetic fragrances would not choose the products sold under the GOOD. CLEAN. GOOP Designation if not for Goop's false advertisements that the such products are clean.

102.    Goop's false and misleading advertisements, descriptions, and representations injure both consumers and Good Clean Love.

103.    Goop's false and or misleading advertisements, descriptions and, representations mislead and harm customers, among others, as well as cause damage to Good Clean Love's sales, good name, and reputation, and therefore constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. 1125(a).

104.     In view of Goop's acknowledgment and recognition that its products are indeed not clean and instead contain "trace levels of incidental chemicals", the aforesaid acts were undertaken willfully and deliberately and with the intention of causing confusion, mistake, or deception.

105.     Good Clean Love has and continues to be injured by Goop's false or misleading representations through the diversion of sales and loss of goodwill and harm to its reputation. Good Clean Love's damages from the aforesaid unlawful actions by Goop, to the extent ascertainable, have not yet been determined.

106.     Goop has caused, and, if not enjoined, will continue to cause, immediate and irreparable injury to Good Clean Love, including to its business, reputation, and goodwill, for which there is no adequate remedy at law. As such, Good Clean Love is entitled to an injunction restraining Goop, its agents, employees, representatives, and all persons acting in concert with it from engaging in further acts of false advertising, and ordering the removal of all of Goop's false advertisements.

107.     Goop's false and/or misleading descriptions and/or representations as aforesaid were and are willful and/or intentional, thereby making this case exceptional under 15 U.S.C. § 1117(a).

108.     Good Clean Love seeks attorney's fees and costs given the willful conduct of Goop.

109.     Good Clean Love seeks treble damages given the willful conduct of Goop

**COUNT III**
**FEDERAL UNFAIR COMPETITION**
Lanham Act § 43(a), 15 U.S.C. § 1125(a)

110.     Good Clean Love repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

111.    The GOOD CLEAN LOVE® Marks are valid and enforceable registered trademarks entitled to protection under the Lanham Act.

112.    The GOOD CLEAN LOVE® Marks are inherently distinctive to both the consuming public and within the health and hygiene industry for Good Clean Love's female sexual health and hygiene goods.

113.    Long after Good Clean Love's adoption and use of its GOOD CLEAN LOVE® Marks, Goop adopted and began using the confusingly similar GOOD. CLEAN. GOOP Designation in connection with highly similar female hygiene and sexual wellness products.

114.    Good Clean Love has not given consent to Goop to use the GOOD. CLEAN. GOOP Designation or any other confusingly similar mark to the GOOD CLEAN LOVE® Marks.

115.    Goop's activities are likely to cause further consumer confusion, or to cause mistake, or to deceive, causing great harm to Good Clean Love's reputation and goodwill.

116.    Goop has unfairly competed with Good Clean Love in interstate commerce by various acts, including using the confusingly similar GOOD. CLEAN. GOOP Designation in connection with highly similar female hygiene and sexual wellness products.  This unauthorized use by Goop constitutes unfair competition to the substantial and irreparable injury of the public and of Good Clean Love's GOOD CLEAN LOVE® Marks, business reputation, and goodwill in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

117.    The activities of Goop complained of herein constitute willful and intentional tort, in derogation of Good Clean Love's rights.  Acts of unfair competition commenced and have continued in spite of Goop's knowledge that the use of the GOOD. CLEAN. GOOP Designation in connection with female hygiene and sexual wellness products was and is in contravention of Good Clean Love's rights.

118.    Goop's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Good Clean Love in its GOOD CLEAN LOVE® Marks and in its business, reputation, and goodwill.  Good Clean Love's damages from the aforesaid unlawful actions of Goop, to the extent ascertainable, have not yet been determined.

119.    Goop's aforesaid conduct is and was willful and/or intentional, thereby making this case exceptional under 15 U.S.C. § 1117(a).

120.    Good Clean Love seeks attorney's fees and costs given the willful conduct of Goop.

121.    Good Clean Love seeks punitive damages given the willful conduct of Goop.

<u>COUNT IV</u>
<u>COMMON LAW TRADEMARK INFRINGEMENT</u>
(Oregon)

122.    Good Clean Love repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

123.    The GOOD CLEAN LOVE® Marks are valid and enforceable registered trademarks entitled to protection under the Lanham Act and Oregon law.

124.    Good Clean Love has continuously used GOOD CLEAN LOVE® in interstate commerce and in Oregon since at least as early as 2010 in connection with its female sexual health and hygiene goods.

125.    The GOOD CLEAN LOVE® Marks are inherently distinctive to both the consuming public and within the health and hygiene industry for Good Clean Love's female sexual health and hygiene goods.

126.    Goop began advertising and selling female hygiene and sexual wellness products bearing the infringing GOOD. CLEAN. GOOP Designation in the same and similar channels as Good Clean Love.

127.    The GOOD CLEAN LOVE® Marks are registered on the Principal Register of the USPTO for highly related goods upon or in connection with which Goop uses or intends to use the GOOD. CLEAN. GOOP Designation.

128.    Good Clean Love has not given consent to Goop to use the GOOD. CLEAN. GOOP Designation or any other confusingly similar mark to the GOOD CLEAN LOVE® Marks.

129.    Goop's actions constitute willful and deliberate use in commerce of a mark confusingly similar to Good Clean Love's GOOD CLEAN LOVE® Marks, which is likely to cause confusion, mistake, and deception as to the source of the products or of the origin, sponsorship, or approval by Good Clean Love of the infringing products and services provided by Goop, or vice versa.

130.    This unauthorized use by Goop constitutes infringement of Good Clean Love's existing GOOD CLEAN LOVE® Marks in violation of Oregon law, to the substantial and irreparable injury of the public and of Good Clean Love's GOOD CLEAN LOVE® Marks, business reputation, and goodwill.

131.    Goop's conduct has caused and, if not enjoined, will continue to cause irreparable damage to the rights of Good Clean Love in its GOOD CLEAN LOVE® Marks and in its business, reputation, and goodwill.  Good Clean Love's damages from the aforesaid unlawful actions of Goop, to the extent ascertainable, have not yet been determined.

<u>**COUNT V**</u>
<u>**COMMON LAW UNFAIR COMPETITION**</u>
(Oregon)

132.    Good Clean Love repeats and re-alleges, and incorporates by reference, the foregoing paragraphs as though they were fully set forth at length herein.

133.    Goop's acts complained of herein constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of a trade or business, and therefore constitute unfair competition under the common law of the State of Oregon.

134.    Goop's acts complained of herein were undertaken and performed in bad faith.

135.    Goop's unfair competition was and is willful and/or intentional.

136.    Goop's conduct, if not enjoined, will cause irreparable damage to the rights of Good Clean Love in its GOOD CLEAN LOVE® Marks and in its business, reputation, and goodwill. Good Clean Love's damages from the aforesaid unlawful actions of Goop, to the extent ascertainable, have not yet been determined.

## PRAYER FOR RELIEF

**WHEREFORE**, Good Clean Love prays for relief against Goop as follows:

1.    That the Court enter judgment against Goop and in favor of Good Clean Love.

2.    That the Court preliminary and permanently enjoin and restrain Goop, its officers, directors, agents, employees and all persons in active concert or participation with Goop who receive actual notice of the injunction, by personal service or otherwise, from doing, abiding, causing or abetting any of the following:

A.    infringing or contributing to the infringement of Good Clean Love's GOOD CLEAN LOVE® Marks;

B.    engaging in any acts or activities directly or indirectly calculated to infringe Good Clean Love's GOOD CLEAN LOVE® Marks;

C.    using, selling, offering for sale, promoting, advertising, marketing or distributing services and/or products, advertisements or marketing materials that use the phrase "GOOD. CLEAN. GOOP" or any mark similar thereto;

D.      using any other mark, configuration or design that is confusingly similar to Good Clean Love's GOOD CLEAN LOVE® Marks;

E.      otherwise competing unfairly or deceptively with Good Clean Love in any manner whatsoever;

F.      selling, offering to sell, marketing, promoting, or advertising any products falsely advertised as "clean";

G.      making or publishing any false and/or misleading descriptions and/or representations, stating, suggesting, or implying that products are "clean"; and

H.      otherwise engaging in any other acts constituting false advertising.

3.      That the Court find that Goop is infringing Good Clean Love's GOOD CLEAN LOVE® Marks.

4.      That the Court order Goop to expressly abandon the GOOD. CLEAN. GOOP Application.

5.      That the Court order Goop to account for and pay to Good Clean Love the damages to which Good Clean Love is entitled as a consequence of the willful infringement of Good Clean Love's GOOD CLEAN LOVE® Marks.

6.      That the Court order Goop to account for and pay to Good Clean Love the damages to which Good Clean Love is entitled as a consequence of Goop's acts of false advertising and unfair competition.

7.      That the Court enter an order placing reasonable but effective restrictions on the future transactions and activities of Goop so as to prevent fraud on the Court and so as to ensure the capacity of Goop to pay, and the prompt payment of, any judgment entered against Goop in this action.

COMPLAINT - 32

8.      That the Court award Good Clean Love its compensatory, incidental, and consequential damages.

9.      That the Court award Good Clean Love enhanced, treble, and/or punitive damages.

10.     That the Court award Good Clean Love its reasonable attorney's fees and the costs of this action.

11.     That the Court grant Good Clean Love such other further relief as is just and proper.

## **DEMAND FOR JURY TRIAL**

Good Clean Love demands a trial by jury on all triable issues of fact.

DATED this 28th day of March, 2024.

COZEN O'CONNOR

By: */s/ Jodi A. McDougall*
      Jodi A. McDougall, OSB No. 172703
      E-mail:  jmcdougall@cozen.com
      999 Third Avenue, Suite 1900
      Seattle, WA 98104
      Phone:  (206) 340-1000

      Lisa A. Ferrari (*pro hac vice forthcoming*)
      E-mail:  LFerrari@cozen.com
      3 WTC, 175 Greenwich St. 55th Floor
      New York, New York 10007
      Phone:  (212) 297-2699

      Madison H. McNulty (*pro hac vice forthcoming*)
      E-mail:  mmcnulty@cozen.com
      1650 Market St., Suite 2800
      Philadelphia, PA 19103
      Phone:  (215) 665-5562

      *Attorneys for Plaintiff Good Clean Love, Inc.*